**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN KERR EUGSTER, | No. 17-35529 |
| Appellant, | |
| v. | D.C. No. 2:17-cv-00003-RSM |
| WASHINGTON STATE BAR ASSOCIATION 1933, a legislatively created Washington association, State Bar Act (WSBA 1933); et al., | MEMORANDUM* |
| Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Submitted March 13, 2018**

Before:     LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Stephen Kerr Eugster, attorney for plaintiff Robert E. Caruso and former

attorney for plaintiff Sandra L. Ferguson, appeals pro se from the district court's

orders awarding attorney's fees as a sanction against him under Federal Rule of

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Civil Procedure 11. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1126 (9th Cir. 2002). We affirm.

The district court did not abuse its discretion by awarding attorney's fees as a sanction against Eugster or in its determination of the amount of the award. *See* Fed. R. Civ. P. 11(b) & advisory comm. notes to 1993 Amendment, Subdivisions (b) and (c) (arguments for modification or reversal of existing law do not violate Rule 11(b)(2) if they are nonfrivolous under an objective standard; the court has significant discretion in determining what sanctions, if any, to impose); *Christian*, 286 F.3d at 1127-28 (describing grounds for Rule 11 sanctions); *see also Holgate v. Baldwin*, 425 F.3d 671, 675 (9th Cir. 2005) (court abuses its discretion by basing its decision on an erroneous view of the law or a clearly erroneous assessment of the evidence).

We reject as without merit and unsupported by the record Eugster's contentions that he is entitled to sanctions, that defendants committed fraud on the court, and that the district court was required to recuse or disqualify itself.

**AFFIRMED.**